# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL H. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-cv-1691-JMB |
| ) | |
| PAUL BLAIR, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER OF TRANSFER**

This matter is before the Court upon review of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed by petitioner Samuel H. Williams. For the reasons explained below, the Court will transfer this case to the United States District Court for the Western District of Missouri.

## Discussion

Petitioner is currently incarcerated in the Potosi Correctional Center, which is located in this judicial district. *See* 28 U.S.C. § 105(a)(1). In the instant petition for writ of habeas corpus, petitioner challenges a state court judgment entered in the Circuit Court of Greene County in the matter of *State of Missouri v. Williams*, No. 31307CF7018 (31st Jud. Cir. 2009). The Circuit Court of Greene County is located in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Pursuant to 28 U.S.C. § 2241(d), this Court and the United States District Court for the Western District of Missouri have concurrent jurisdiction to hear this case. In a circumstance such as this, the district court in which the petition is originally filed may, in the exercise of its discretion and in the furtherance of justice, transfer the case to the other district for hearing and

determination. *Id.* Additionally, 28 U.S.C. § 1404(a) provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice," a district court may transfer a civil action to any district where it might have been brought.

Transfer of this action is appropriate because petitioner's claims arise from a state court judgment entered in a circuit court located within the Western District of Missouri, the relevant records are located there, and if hearings are required, the United States District Court for the Western District of Missouri would be more convenient for witnesses.  Additionally, the Court has entered an administrative order stating that, absent unusual circumstances, a habeas petition challenging a conviction or sentence arising from a proceeding in the Western District of Missouri should be transferred to that district court. *In re Business of the Court*, January 27, 1986. The Court will therefore order that this case be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 2241(d).


Dated this 7th day of December, 2020.

        */s/ John A. Ross*
        JOHN A. ROSS
        UNITED STATES DISTRICT JUDGE